IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KHIKMATULLO KADIROV                                              PETITIONER

V.                                          Cause No. 5:26-cv-00175-DCB-BWR

WARDEN RAFAEL VERGARA,                                          RESPONDENT

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed *pro se* by Khikmatullo Kadirov, a former immigration detainee, and the Motion to Dismiss [10], filed by Respondent Rafael Vergara, Warden of Adams County Correctional Center. Petitioner has been removed from the United States. His Petition [1] is moot. Respondent's Motion to Dismiss [10] should be granted and the Petition dismissed without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Uzbekistan. Pet. Ex. [1-1] at 2. On December 17, 2024, Petitioner entered the United States illegally. Warrant [10-1] at 1. Petitioner was detained at Adams County Correctional Center in Natchez, Mississippi when he filed the Petition on March 11, 2026, seeking immediate release. Pet. [1] at 1. On May 5, 2026, Respondent filed a Motion to Dismiss [11] the Petition without prejudice as moot because on April 29, 2026, Petitioner was removed from the United States. Resp't Mot. [10] at 1; Warrant [10-1] at 2.

## II. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only

actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because Petitioner has been released from ICE custody and removed from the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

## III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [10] be granted and the Petition [1] dismissed without prejudice as moot.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and

Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 5th day of May 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3